IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDWARD J. ARMSTRONG III,<br><br>Plaintiff,<br><br>vs.<br><br>DAKOTA COUNTY SHERIFF'S STATION, all staff members and jailers involved; and DAKOTA COUNTY JAIL,<br><br>Defendants. | 8:25CV190<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion for Extension of Time, Filing No. 8, Motion for Exemption from PACER[1] Fees, Filing No. 9, and for case management.

First, Plaintiff requests an extension of time to pay his initial partial filing fee due to lack of funds. Filing No. 8. The Court's records reflect that Plaintiff paid his initial partial filing fee on April 25, 2025. Accordingly, Plaintiff's Motion for Extension of Time is denied as moot.

Next, Plaintiff requests an exemption from payment of the Electronic Public Access Fee ("PACER User Fee") prescribed in accordance with 28 U.S.C. § 1914. Plaintiff asserts that he is "an indigent pre-trial detainee with no source of income or funds at the moment" and "the burden of the [PACER User Fee] is unreasonable and [he is] entitled to exemption." Filing No. 9 (capitalization omitted). However, Plaintiff does not offer any facts to demonstrate that an exemption is necessary or to even indicate what documents or records Plaintiff seeks for which an exemption would be necessary. As the Plaintiff in this matter, Plaintiff is entitled to service of any document

---

[1] PACER stands for "Public Access to Court Electronic Records."

filed in this case. Moreover, if Plaintiff were to submit a CM/ECF NextGen e-filing request and be granted electronic filing access in this case, Plaintiff would be automatically exempted from the PACER User Fee as "[p]arties in a case (including pro se litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer." 28 U.S.C. § 1914, Judicial Conference Schedule of Fees, Electronic Public Access Fee Schedule, available at https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule; *see also* NEGenR 1.3(a)(1). Based on the foregoing, the Court does not find that an exemption is necessary to avoid unreasonable burdens on Plaintiff.

Lastly, on June 3, 2025, the Clerk of the Court sent an order to Plaintiff at his last known address in another of his pending cases and it was returned to this Court as undeliverable. *See* Filing No. 10, Case No. 8:25CV270. Plaintiff has an obligation to keep the Court informed of his current address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days). This case cannot be prosecuted in this Court if Plaintiff's whereabouts remain unknown.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Extension of Time, Filing No. 8, is denied as moot.

2. Plaintiff's Motion for Exemption from PACER Fees, Filing No. 9, is denied.

3. Plaintiff must update his address within 30 days. Failure to do so will result in dismissal of this action without further notice to Plaintiff.

2

4. The Clerk of the Court is directed to send a copy of this order to Plaintiff at his last known address and to the following address: 604 152nd St. Lot #39, South Sioux City, NE 68776.

5. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **July 23, 2025**: check for address.

Dated this 23rd day of June, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3